The document below is hereby signed.

Signed: August 18, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MARY HASTINGS MOORE,               )     Case No. 09-00297
                                   )     (Chapter 7)
                Debtor.            )     Not for Publication in
                                   )     West's Bankruptcy Reporter

<u>MEMORANDUM DECISION AND ORDER RE TRUSTEE'S MOTION TO REOPEN</u>

Aric W. Moore has filed a letter with the court noting that

the debtor may have undervalued her assets on her schedules (Dkt.

No. 27).  In turn, the Chapter 7 trustee has filed a motion to

reopen this case, which includes a request for an order directing

the debtor to appear at a continued meeting of creditors under 11

U.S.C. § 341 (Dkt. No. 28).  The case has not been closed, and,

accordingly, I will treat the Chapter 7 trustee's motion as

seeking an order directing the clerk not to close the case based

on the trustee's report of no distribution that was filed on May

26, 2009.

As to the request directing that the debtor appear at a

continued meeting of creditors, the first meeting of creditors

was never continued as authorized by Rule 2003(e) and has already

been concluded.  Once it was concluded, that triggered

consequences in the case (such as a deadline for objecting to

discharge that is measured from the date of the conclusion of

that first meeting of creditors).  It is not possible to adjourn

a concluded first meeting of creditors.

But under Fed. R. Bankr. P. 2003(f), a special meeting of

creditors may be called by the United States Trustee.  Although

the United States Trustee has not filed the instant motion, the

chapter 7 trustee is authorized by that rule to request the

United States Trustee to call such a meeting, and all indications

are that the United States Trustee would call such a meeting to

permit the chapter 7 trustee to permit an inquiry into

allegations of misconduct by the debtor in this case, so I will

not waste time trying to determine whether on request of a party

in interest the court may direct the United States Trustee to

call a special meeting of creditors.

Furthermore, under Fed. R. Bankr. P. 4002(a)(1), the debtor

shall "attend and submit to an examination at the times ordered

by the court."  Under 11 U.S.C. § 343 the debtor must appear and

submit to an examination at the meeting of creditors under

§ 341(a), but that means the first meeting of creditors.  *See In

re Molitor*, 395 B.R. 197, 202-203 (Bankr. S.D. Ga. 2008).  In

contrast, there is no provision in the Bankruptcy Code or Federal

Rules of Bankruptcy Procedure automatically requiring the debtor

to attend a special meeting of creditors and to submit to

examination at that meeting.  Instead, there must be an order or

subpoena directing such attendance.  Fed. R. Bankr. P. 2004(d)

provides that the court may "for cause shown and on terms as it

may impose order the debtor to be examined under this rule at any

time or place it designates . . . ."  But before such an order is

entered adjudicating that cause exists, the debtor should be

given an opportunity to address whether cause exists and, if

cause is found to exist, the terms the order should impose,

including the time and place to be designated.   Alternatively,

pursuant to Fed. R. Bankr. P. 2004(c), the trustee may obtain

authority to issue and serve on the debtor a subpoena for the

debtor to appear at the special meeting of creditors.  The

court's Local Bankruptcy Rule 2004-1 recognizes that authority to

issue such a subpoena may be sought *ex parte* as the debtor will

retain the right to seek to quash the subpoena or to object to

the production of documents pursuant to such a subpoena.  The

trustee has laid out adequate grounds for the court to authorize

the issuance of a subpoena.

It is thus

ORDERED that the clerk shall disregard the trustee's report

of no distribution and not close this case unless and until the

trustee files other papers pursuant to which the case is in a

posture to be closed.  It is further

ORDERED that the United States Trustee is authorized by filing a docket entry or a praecipe to call for a special meeting of creditors under Fed. R. Bankr. P. 2003(f) and to request the clerk to issue notice of that special meeting of creditors at such time and place as may be fixed in an order compelling the debtor to attend pursuant to motion of the chapter 7 trustee (or such time and place as the United States Trustee advises will be the time and place that the trustee will be employing in a subpoena to compel the debtor's attendance).  It is further

ORDERED that the special meeting of creditors may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice.  It is further

ORDERED that the request for an order directing the debtor to appear and be examined at the special meeting of creditors is denied without prejudice, but the trustee is authorized pursuant to Fed. R. Bankr. P. 2004(c) to issue and serve on the debtor **a subpoena compelling the debtor to appear and testify** at the special meeting of creditors.  It is further

ORDERED that if the trustee wishes to obtain **an order compelling the debtor to appear and testify** at the special meeting of creditors, the trustee shall file a renewed motion (specifying that the trustee requests an order under Fed. R. Bankr. P. 2004(d) directing the debtor to appear and testify at

the special meeting of creditors), and serve it on the debtor

with notice under Local Bankruptcy Rule 9013-1 of an opportunity

to oppose the motion.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office
of United States Trustee;

Aric W. Moore
2800 Chesterfield Place, NW
Washington, DC 20008